UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, a Connecticut Corporation,<br><br>Plaintiff,<br><br>v.<br><br>JESUS RODRIGUEZ, an individual,<br><br>Defendant. | Case No. 1:25-cv-00146-KES-BAM<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>(Doc. 11)<br><br>**FOURTEEN DAY DEADLINE** |

Currently pending for the Court is Plaintiff The Travelers Indemnity Company of Connecticut's ("Plaintiff") Motion for Default Judgment against Defendant Jesus Rodriguez ("Defendant"). (Doc. 11). The motion was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Defendant did not file an opposition to the motion, and the time in which to do so has passed. L.R. 230(c) ("Opposition . . . to the granting of the motion shall be in writing and shall be filed and served no later than fourteen (14) days after the motion was filed.")

After Defendant failed to appear, answer the complaint, or oppose Plaintiff's motion, the Court finds this matter suitable for decision without oral argument. L.R. 230(g). (Doc. 16.) Having considered the moving papers and the record in this action, and for the reasons that follow, the Court RECOMMENDS that Plaintiff's Motion for Default Judgment be GRANTED.

1

## I. FACTUAL BACKGROUND

Plaintiff The Travelers Indemnity Company of Connecticut is a Connecticut corporation and insurance carrier eligible to do business as an insurer in California with its principal place of business in Connecticut. (Doc. 1 ¶ 1.)

On February 4, 2025, Plaintiff initiated this action against Defendant stemming from insurance claims for an automobile accident that occurred on September 10, 2021. (*Id.* ¶ 10.) Defendant was employed by Vaquero Farms, Inc., which provided Defendant with a company vehicle for business use, including for transportation equipment and travel to and from his home and work. (*Id.* ¶ 10.) Vaquero Farms is Plaintiff's named insured for the insurance policy at issue in this action, policy No. BA-2N531540-21-93-G (the "Travelers Policy"), which was effective from July 1, 2021 to July 1, 2022 and includes limits of $1 million per occurrence for uninsured motorist coverage. (*Id.* ¶¶ 7, 9.)

On September 10, 2021, Defendant was involved in an automobile accident in Firebaugh, California while driving the company truck and transporting equipment for company use. (*Id.* ¶ 11.) Defendant contends that the accident was caused by individual named Chase Ferreira. (Doc. 1 ¶ 12.) According to Plaintiff's complaint, Mr. Ferreira's insurance has paid Defendant its limits of $50,000. (*Id.*)

On July 10, 2024, Defendant sent Plaintiff a demand for uninsured motorist coverage under the Travelers Policy. (*Id.* ¶ 13.) In this claim, Defendant sought compensation under the uninsured motorist provisions of the Travelers Policy for personal injuries and medical expenses that he contended were sustained and incurred as a result of the accident. (*Id.* ¶ 14.)

Plaintiff is informed and believes that Defendant made a claim under workers' compensation for the accident, including a claim for permanent disability. (*Id.* ¶ 18.) Plaintiff further contends that Defendant obtained a workers' compensation by stipulation, that such benefits continue, and that neither an award by adjudication nor a final compromise and release have been obtained. (Doc. 1 ¶ 18.)

Under the terms of the Travelers Policy, Plaintiff is obligated to pay the sums that an insured becomes legally obligated to recover as compensatory damages from the owner or driver

of an "uninsured motor vehicle," subject to the Travelers Policy's limitations and exclusions. (*Id.* ¶¶ 7, 8.) The terms, limitations, and exclusions of the uninsured motorist coverage are set forth, in part, by the Travelers Policy's California Uninsured Motorists Coverage – Bodily Injury endorsement, which states:

> **A. Coverage**.
>
> 1. We will pay all sums the "insured" is legally entitled to recover as compensatory damages from the owner or driver of an "uninsured motor vehicle." The damages must result from "bodily injury" sustained by the "insured" caused by an "accident." The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the "uninsured motor vehicle".
>
> 2. We will pay only after the limits of liability under any liability bonds or policies have been exhausted by payment of judgments or settlements.
>
> 3. Any judgment for damages arising out of a "suit" brought without our written consent is not binding on us.

The California Uninsured Motorists Coverage – Bodily Injury endorsement includes the following exclusions and limitations:

> **C. Exclusions.** This insurance does not apply to any of the following:
>
> 4. The direct or indirect benefit of any insurer or self-insurer under any workers' compensation, disability benefits or similar law…
>
> **D. Limit of Insurance**
>
> 1. Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for all damages resulting from any one "accident" is the Limit Of Insurance for Uninsured Motorists Coverage shown in the Schedule or Declarations.
>
> 2. For a vehicle described in Paragraph b. of the definition of "uninsured motor vehicle", our Limit of Insurance shall be reduced by all sums paid because of "bodily injury" by or for anyone who is legally responsible, including all sums paid or payable under this policy's Covered Autos Liability Coverage.
>
> 3. No one will be entitled to receive duplicate payments for the same elements of "loss" under this coverage and any Liability Coverage form or Medical Payments Coverage endorsement attached to this Coverage Part.
>
> We will not make a duplicate payment under this coverage for any element of "loss" for which payment has been made by or for anyone who is legally responsible.
>
> We will not pay for any element of "loss" if a person is entitled to receive payment

3

     for the same element of "loss" under any workers' compensation, disability benefits or similar law.

(*Id.* ¶ 8.)

  Plaintiff makes three arguments concerning the limitations of the Travelers Policy.[1]  First, Plaintiff argues that the Travelers Policy "provides no coverage for the elements of 'loss' that [Defendant] sustained in the Subject Accident for which he receives or remains entitled to receive payment under California's workers' compensation law."  (*Id.* ¶ 21(a).)  Second, Plaintiff argues that it "has no duty under the Policy to compensate [Defendant] for any elements of 'loss' sustained in Subject Accident for which he received or remains entitled to receive payment under California's workers' compensation law."  (*Id.* ¶ 21(b).)  Third, the limits of coverage available to Defendant "are reduced by the amounts recovered by [Defendant] from the underinsured driver as well as through workers compensation, including all amounts already received as well as all entitlement to future amounts, which includes all past and future lost earnings and all past and future medical damages alleged to have arisen from the Subject Accident."  (Doc. 1 ¶ 21(c).)

## II. PROCEDURAL BACKGROUND

  On February 4, 2025, Plaintiff initiated this action against Defendant, bringing one claim for declaratory relief.  (Doc. 1.)  On April 14, 2025, Defendant was served with a copy of the summons and complaint.  (Doc. 5.)  Pursuant to Federal Rule of Civil Procedure 12(a), Defendant's responsive pleading was due May 5, 2025.  (*Id.*)  Defendant did not file an answer or other responsive pleading within the time prescribed by the Federal Rules of Civil Procedure or otherwise appear in this action.  Plaintiff's counsel has provided that they have not been contacted by Defendant since the filing of the complaint.  (Decl. of Adam Popkowski (Doc. 11) ("Popkowski Decl.") ¶ 3.)

---

[1] Despite Defendant's lack of participation in this action, Plaintiff's complaint states that Defendant denies each of Plaintiff's arguments relating to the limitations and exclusions of the Travelers Policy.  (Doc. 1 ¶¶ 21, 22) ("TRAVELERS is informed and believes that JESUS RODRIGUEZ disputes these contentions and contends that the Policy requires TRAVELERS to compensate JESUS RODRIGUEZ for all elements of "loss" he sustained in the Subject Accident, regardless of whether he was compensated and/or retains his right to obtain further compensation for those losses under California's workers' compensation system.")

On May 21, 2025, Plaintiff filed a Request for Entry of Default as to Defendant. (Doc. 8.) The same day, the Clerk of Court entered default as to Defendant. (Doc. 9.) On July 29, 2025, Plaintiff filed a Motion for Default Judgment against Defendant on the grounds that Defendant has failed to appear or otherwise respond to Plaintiff's complaint within the required time. (Doc. 11.) On August 19, 2025, Defendant was served by First Class mail a copy of the Notice of Motion and Motion for Default Judgment. (Doc. 15.) Defendant has not filed any responsive brief to Plaintiff's Motion for Default Judgment, and the time to do so has since passed.

### III.    LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(1) outlines the circumstances under which the clerk of the court may enter default judgment. "If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." Fed. R. Civ. P. 55(b)(1). Rule 55(b)(2) states that in "all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). "The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." *Id*. "Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true." *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986); *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002).

## IV. DISCUSSION

The Court shall address each of the *Eitel* factors in turn. For the reasons provided below, the Court finds that these factors weigh in favor of the entry of default judgment against Defendant.

### A. Service of Process

In deciding whether to grant or deny a default judgment, a court should assess the adequacy of the service of process on the party against whom default is requested. *See, e.g., Trujillo v. Harsarb, Inc.*, No. 1:21-cv-00342-NONE-SAB, 2021 WL 3783388 at *4 (E.D. Cal. Aug. 26, 2021) ("As a general rule, the Court considers the adequacy of service of process before evaluating the merits of a motion for default judgment."); *Coach, Inc. v. Diva Shoes & Accessories*, No. 10-5151 SC, 2011 WL 1483436 at *2 (N.D. Cal. Apr. 19, 2011); *Katzakian v. Check Resolution Service, Inc.*, No. 1:10-cv-00716-AWI-GSA, 2010 WL 5200912 at *2 (E.D. Cal. Dec. 15, 2010).

Rule 4 sets forth the requirements for serving an individual within a judicial district of the United States. Pursuant to Rule 4(e), an individual—other than a minor, incompetent person, or a person whose waiver has been filed—may be served by following state law for serving a summons in an action brought in courts of general jurisdiction, or (a) by delivering a copy of the summons and complaint to the individual personally, or (b) leaving a copy of the summons and complaint at the individual's dwelling with someone of suitable age and discretion who resides there. Fed. R. Civ. P. 4(e).

In California, an individual may be served by personal delivery of a copy of the summons and complaint to the person to be served. Cal. Civ. Proc. Code § 415.10. If an individual cannot be personally served "with reasonable diligence," a summons may be served by "leaving a copy of the summons and complaint at the person's dwelling house . . . in the presence of a competent member of the household . . . at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left." Cal. Civ. Proc. Code § 415.20(b). Under this provision, "[s]ervice of a

1  summons in this manner is deemed complete on the 10th day after the mailing." *Id.*

2  Plaintiff's process server made at least three attempts to personally serve Defendant from

3  April 10, 2025 to April 14, 2025. (Doc. 5 at 1, 3.) On April 14, 2025, Plaintiff served a copy of

4  the summons and complaint by substituted service to Michelle Rodriguez, Defendant's wife or

5  co-occupant at 15656 Wooten Ct., Kerman, CA 93630-2504. (*Id.*) The papers were mailed to

6  Defendant the next day. (*Id.*) The time for Defendant to file an answer or other responsive

7  pleading expired on May 5, 2025. Fed. R. Civ. P. 12(a)(1)(A)(i).

8  On August 13, 2025, the Court ordered Plaintiff to serve a copy of the motion on

9  Defendant and to file proof of such service. (Doc. 14.) On August 19, 2025, Defendant was

10  served a copy of Plaintiff's Notice of Motion and Motion for Default Judgment by First Class

11  mail. (Doc. 15.) The time for Defendant to file opposition papers to Plaintiff's motion expired

12  September 2, 2025. L.R. 230.

13  The Court finds that Plaintiff properly served Defendant pursuant to Rule 4(h).

14  **B.  The *Eitel* Factors Weigh in Favor of Default Judgment**

15  1.  Possibility of Prejudice to Plaintiff

16  The first factor considers whether a plaintiff would suffer prejudice if default judgment

17  were not entered. *See PepsiCo, Inc.*, 238 F.Supp.2d at 1177. Generally, where default has been

18  entered against a defendant, a plaintiff has no other means by which to recover against that

19  defendant. *Id.*; *Moroccanoil, Inc. v. Allstate Beauty Prods.*, 847 F.Supp.2d 1197, 1200-01 (C.D.

20  Cal. 2012).

21  Here, Plaintiff seeks declaratory relief which can only be obtained through a judgment.

22  *See Kemper Indep. Ins. Co. v. Boyer*, No. 2:22-CV-1458 MCE DB, 2023 WL 4014658, at *2

23  (E.D. Cal. June 15, 2023), *report and recommendation adopted*, No. 2:22-CV-1458 MCE DB,

24  2023 WL 5613105 (E.D. Cal. Aug. 30, 2023). Plaintiff argues that denial of default judgment

25  would "wholly prevent Travelers from obtaining the relief it has sought" and Plaintiff "would be

26  left entirely unable to obtain judicial resolution of the limit of its obligations under the policies."

27  (Doc. 11 at 13.) Because Defendant has failed to defend this action, if default judgment is not

28  entered Plaintiff will be left without a remedy. *Kemper Indep. Ins. Co.*, 2023 WL 4014658, at *2.

7

1   This factor weighs in favor of default judgment.

2           2.   <u>Merits of Plaintiff's Claims and Sufficiency of the Complaint</u>

The second and third *Eitel* factors, taken together, "require that a plaintiff state a claim on which [they] may recover." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1175. The Court considers the two factors together due to the close relationship between the two inquiries. *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp.2d 1039, 1055 (2010). These two factors will favor entry of default judgment "where the complaint sufficiently states a claim for relief upon which the plaintiff may recover." *Kemper Indep. Ins. Co.*, 2023 WL 4014658, at *2 (citing *PepsiCo, Inc.*, 238 F. Supp.2d at 1175).

        *a) Declaratory Relief*

Here, Plaintiff asserts a cause of action for declaratory relief. (Doc. 1 at 5-7.) Where, as is the case here, a declaratory judgment action is based on diversity jurisdiction, California law controls. *St. Paul Mercury Ins. Co. v. Ralee Eng'g Co.*, 804 F.2d 520, 522 (9th Cir. 1986); *Kemper Indep. Ins. Co.*, 2023 WL 4014658, at *2. In analyzing the sufficiency of the complaint where a plaintiff insurer seeks declaratory relief regarding the limits of a policy, courts compare the allegations of the complaint with the terms of the insurance policy. *See Kemper Indep. Ins. Co.*, 2023 WL 4014658, at *2 (citing *Horace Mann Ins. Co. v. Barbara B.*, 4 Cal.4th 1076, 1081 (Cal. 1993)).

Here, the complaint alleges that Defendant asserted a claim under the Travelers Policy for uninsured motorist coverage for personal injuries and medical expenses resulting from the September 10, 2021 accident. (Doc. 1 ¶¶ 13, 14.) Plaintiff alleges that Defendant has made a claim under workers' compensation, including a claim for permanent disability, and received an award from workers' compensation by stipulation. (*Id.* ¶ 18.) Plaintiff contends that benefits under workers' compensation continue and that neither an award by adjudication nor final compromise and release have been obtained. (*Id.*) Plaintiff further alleges that Defendant received payment from the insurance of the other individual involved in the accident, Mr. Ferreira, to that insurance policy's limit of $50,000. (*Id.* ¶ 12.)

The Travelers Policy's California Uninsured Motorists Coverage – Bodily Injury

8

endorsement's "Coverage" provision provides that Plaintiff "will pay all sums the 'insured' is legally entitled to recover as compensatory damages from the owner or driver of an 'uninsured motor vehicle'." (*Id.*)  The "Exclusion" provision further provides that Plaintiff "will not pay for any element of 'loss' if a person is entitled to receive payment for the same element of 'loss' under any workers' compensation, disability benefits or similar law." (Doc. 1 ¶ 8.)  The "Limit of Insurance" provision provides that "our Limit of Insurance shall be reduced by all sums paid because of 'bodily injury' by or for anyone who is legally responsible," "[w]e will not make a duplicate payment under this coverage for any element of 'loss' for which payment has been made by or for anyone who is legally responsible," and "[w]e will not pay for any element of 'loss' if a person is entitled to receive payment for the same element of 'loss' under any workers' compensation, disability benefits or similar law." (*Id.*)

"When the terms of the policy are plain and explicit the courts have no alternative but to give effect to the contract of insurance as executed by the parties." *Akkerman v. Grange Ins. Ass'n*, 525 F. Supp. 3d 1122, 1125–26 (E.D. Cal. 2021).  "The standard to be used is the understanding of the ordinary person," and "[i]f any ambiguity or uncertainty exists an insurance policy is construed strictly against the insurer and most liberally in favor of the insured." *Akkerman*, 525 F. Supp. 3d at 1125 (citing *Jarrett v. Allstate Ins. Co.*, 209 Cal.App.2d 804, 809, 26 Cal.Rptr. 231 (Ct. App. 1962)).

A plain reading of the Travelers Policy indicates that the Limit of Insurance "shall be reduced by all sums paid because of 'bodily injury' by or for anyone who is legally responsible" and Plaintiff "will not pay for any element of 'loss' if a person is entitled to receive payment for the same element of 'loss' under any workers' compensation" law. (Doc. 1 ¶ 8.)  Accordingly, taken as true, the allegations in the complaint are sufficient and state a meritorious claim. *See Kemper Indep. Ins. Co.*, 2023 WL 4014658, at *3 (reviewing the plain language of the insurance policy to determine insurer's duties); *Atain Specialty Ins. Co. v. All New Plumbing, Inc.*, No. 2:18-CV-02746-MCE-KJN, 2019 WL 3543854, at *4 (E.D. Cal. Aug. 5, 2019), *report and recommendation adopted*, No. 2:18-CV-02746-MCE-KJN, 2019 WL 5091139 (E.D. Cal. Sept. 11, 2019) (finding same).

These factors weigh in favor of default judgment.

### 3. The Sum of Money at Stake in the Action

Under the fourth factor cited in *Eitel*, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo, Inc.*, 238 F Supp.2d at 1176; *see also Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 500 (C.D. Cal. 2003). "When the money at stake is substantial, default judgment is discouraged." *Bd. of Trs. v. Core Concrete Constr., Inc.*, No. 11-02532 LB, 2012 WL 380304, at *4 (N.D. Cal. Jan. 17, 2012) (internal citation omitted). Here, plaintiff seeks only declaratory relief and does not seek monetary relief against Defendant. (Doc. 1 at 7.)

This factor does not weigh against entry of default judgment.

### 4. The Possibility of a Dispute Concerning Material Facts

Following the Clerk's entry of default, the Court may assume the truth of well-pled facts in the complaint and, thus, there is no likelihood that any genuine issue of material fact exists. *Dundee Cement Co.*, 722 F.2d at 1323; *TeleVideo Sys., Inc.*, 826 F.2d at 917-18. Further, Defendant's failure to file an answer in this case or a response to the instant motion supports the conclusion that the possibility of a dispute as to material facts is minimal. *See, e.g., Elektra Entm't Grp. Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists.") Furthermore, Plaintiff properly served Defendant with the complaint and Motion for Default Judgment (Docs. 5, 15), but Defendant failed to appear and respond to the complaint or to this motion. *See Fudy Printing Co*., 2019 WL 2180221, at *5 ("The record reflects [Defendant's] silence despite opportunities to respond, so there is little possibility of a dispute of material facts.")

This factor weighs in favor of default judgment.

### 5. Whether the Default Was Due to Excusable Neglect

The sixth *Eitel* factor considers the possibility that Defendant's default resulted from excusable neglect. *PepsiCo, Inc.*, 238 F.Supp.2d at 1177. Courts have found that where a defendant was "properly served with the complaint, the notice of entry of default, as well as the

paper in support of the [default judgment] motion," there is no evidence of excusable neglect. *Shanghai Automation Instrument Co. v. Kuei*, 194 F.Supp.2d 995, 1005 (N.D. Cal. 2001).

Upon review of the record, the Court finds that the default was not the result of excusable neglect. As discussed above, Defendant was properly served with the summons, complaint, and the Motion for Default Judgment. (Docs. 5, 15.) Despite service, Defendant has not appeared. Thus, the record suggests that Defendant has chosen not to participate in this action, and not that the default resulted from any excusable neglect.

This factor weighs in favor of the entry of a default judgment.

### 6. The Strong Policy Favoring Decisions on the Merits

"Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action. *PepsiCo, Inc.*, 238 F.Supp.2d at 1177; *see also Craigslist, Inc. v. Naturemarket, Inc.*, 694 F.Supp.2d 1039, 1061 (N.D. Cal. Mar. 5, 2010). Although the Court is cognizant of the policy favoring decisions on the merits, that policy is unavailable here because Defendant has not responded or otherwise participated in this action in any way.

This factor does not weigh against entry of default judgment.

## V.    DAMAGES

Plaintiff's motion for default judgment seeks declaratory relief, which is consist with the relief sought by the complaint. (Doc. 1 at 7; Doc. 11 at 17-18.)

As noted above, Plaintiff has established that it is entitled to declaratory judgment declaring that: (1) Plaintiff has no obligation under the Travelers Policy to issue payment to Defendant for any elements of "loss" sustained in the September 10, 2021 automobile accident for which he received or remains entitled to receive payment under California's workers' compensation law, including all past and future lost earnings and all past and future medical damages alleged to have arisen from the September 10, 2021 automobile accident; and (2) the limits of coverage available to Defendant under the Travelers Policy are reduced by the amounts recovered by Defendant from the underinsured driver as well as through workers compensation,

including all amounts already received as well as all entitlement to future amounts.  (Doc. 1 at 7.)

Plaintiff further seeks the costs of suit herein.  Plaintiff does not provide additional information, in either its brief or declarations, to permit the Court to determine the costs of the suit that have been incurred by Plaintiff.

## VI.    CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that Plaintiff's Motion for Default Judgment (Doc. 11) be **GRANTED**.  Accordingly, the Court RECOMMENDS that:

1. Default judgment shall be entered in favor of The Travelers Indemnity Company of Connecticut and against Defendant Jesus Rodriguez;
2. Plaintiff shall be awarded a declaratory judgment that:
    A. Plaintiff has no obligation under the Policy to issue payment to Defendant for any elements of "loss" sustained in the September 10, 2021 automobile accident for which he received or remains entitled to receive payment under California's workers' compensation law, including all past and future lost earnings and all past and future medical damages alleged to have arisen from the September 10, 2021 automobile accident; and
    B. The limits of coverage available to Defendant under Travelers Policy No. BA-2N531540-21-93-G are reduced by the amounts recovered by Defendant from the underinsured driver as well as through workers compensation, including all amounts already received as well as all entitlement to future amounts.
3. This action shall be closed.

Plaintiff is HEREBY **ORDERED** to mail a copy of these findings and recommendations to Defendant at the address of Defendant's registered agent for service of process.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may

file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 25, 2025**               /s/ *Barbara A. McAuliffe*
                                             UNITED STATES MAGISTRATE JUDGE